# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID ROLAND HINKSON,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>WARDEN PAUL COPENHAVER,<br><br>　　　　　Respondent. | Case No.: 1:13-cv01571-JLT<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS (Doc. 1)<br><br>ORDER REQUIRING THAT OBJECTIONS BE FILED WITHIN TWENTY-ONE DAYS<br><br>ORDER DIRECTING CLERK OF COURT TO ASSIGN DISTRICT JUDGE TO CASE |

　　　　Petitioner is a federal prisoner proceeding in propria persona with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. The instant petition was filed on September 30, 2013, challenging Petitioner's conviction and sentence in federal district court. (Doc. 1).

　　　　The petition indicates that on June 3, 2205, Petitioner was convicted in the United States District Court for the District of Idaho, three counts of solicitation for murder of, respectively, a United States District Judge, an Assistance United States Attorney, and an Internal Revenue Service Special Agent. (Doc. 1, pp. 13-14). Petitioner was also convicted, in a separate case, of "tax-related and currency structuring" charges. (Id. at 14). Petitioner was sentenced to a ten-year term on the tax charges, three consecutive ten-year terms for the solicitation for murder convictions, and a three-year enhancement for having committed the latter crimes while on pretrial release in the tax case. (Id.).

1   The Ninth Circuit subsequently affirmed the judgment of conviction and sentence. (Id. at 15).

2   On April 17, 2012, Petitioner filed his first motion to vacate or set aside the judgment pursuant to 28 U.S.C. § 2255 in the District of Idaho. (Id.). The motion presented newly discovered evidence in the form of the federal convictions of Elvin Joe Swisher for (1) wearing unauthorized military medals; (2) making false statements to the Veterans Administration ("VA") that he was involved in combat operations, was awarded those medals, and suffered from post-traumatic stress disorder; (3) making false statements by using a forged, counterfeit or falsely altered certificate of discharge from the United States Marine Corps in support of his claims; and (4) theft of government funds by effectively stealing disability benefits from the VA by presented false testimony and forged documents. (Doc. 1, p. 191).[1] Swisher was the primary prosecution witness in Petitioner's trial for solicitation, and the one who identified Petitioner as the man who offered him $10,000 "a head" for each of the three federal officials who were to be "tortured and killed." (Doc. 1, p. 18). The motion was denied on September 28, 2012. (Id.).

Petitioner now brings this habeas petition, challenging his conviction and sentence for solicitation of murder. Because the Court has determined that Petitioner's claims challenge his original sentence and that Petitioner does not qualify for the "savings clause" or "escape hatch," and therefore this motion should have been brought in the trial court as a motion pursuant to 28 U.S.C. § 2255, the Court will recommend that the instant petition be dismissed for lack of habeas jurisdiction.

## DISCUSSION

A federal court may not entertain an action over which it has no jurisdiction. Hernandez v. Campbell, 204 F.3d 861, 865 (9th Cir. 2000). A federal prisoner who wishes to challenge the validity or constitutionality of his conviction or sentence must do so by way of a motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255. Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir.1988); Thompson v. Smith, 719 F.2d 938, 940 (8th Cir.1983); In re Dorsainvil, 119 F.3d 245, 249 (3rd 1997); Broussard v. Lippman, 643 F.2d 1131, 1134 (5th Cir.1981). In such cases, only the sentencing court has jurisdiction. Tripati, 843 F.2d at 1163. A prisoner may not collaterally attack a federal conviction

---

[1] On January 5, 2009, Swisher was sentenced to a prison term of twelve months and one day as a result of these convictions. (Doc. 1, p. 192).

2

or sentence by way of a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  Grady v. United States, 929 F.2d 468, 470 (9th Cir.1991); Tripati, 843 F.2d at 1162; see also United States v. Flores, 616 F.2d 840, 842 (5th Cir.1980).

In contrast, a federal prisoner challenging the manner, location, or conditions of that sentence's execution must bring a petition for writ of habeas corpus under 28 U.S.C. § 2241.  Capaldi v. Pontesso, 135 F.3d 1122, 1123 (6th Cir. 1998);  United States v. Tubwell, 37 F.3d 175, 177 (5th Cir. 1994); Kingsley v. Bureau of Prisons, 937 F.2d 26, 30 n.5 (2nd Cir. 1991); United States v. Jalili, 925 F.2d 889, 893-94 (6th Cir. 1991);  Barden v. Keohane, 921 F.2d 476, 478-79 (3rd Cir. 1991);  United States v. Hutchings, 835 F.2d 185, 186-87 (8th Cir. 1987); Brown v. United States, 610 F.2d 672, 677 (9th Cir. 1990).

The petition challenges Petitioner's conviction and sentence, a fact readily conceded by Petitioner.  (Doc. 1, p. 2).  As mentioned, the proper vehicle for challenging a federal conviction or sentence is a motion to vacate, set aside, or correct the sentence pursuant to 28 U.S.C. § 2255, not a habeas corpus petition.  Petitioner acknowledges that, under federal case law, he is precluded from raising claims challenging his conviction and sentence in a § 2241 petition unless he meets certain requirements for the so-called "escape hatch," for proceeding in habeas corpus rather than through a § 2255 petition in the sentencing court.  In order to meet that exception, Petitioner contends he is actually innocent and that he has never had an unobstructed procedural shot at raising his claims in a § 2255 petition, thus entitling him to proceed via habeas.  For the reasons set forth below, the Court disagrees.

Although in most cases one convicted of a federal crime must challenge his conviction or sentence in the sentencing court pursuant to § 2255, a federal prisoner authorized to seek relief under § 2255 may seek relief under § 2241 *if* he can show that the remedy available under § 2255 is "inadequate or ineffective to test the validity of his detention." Hernandez v. Campbell, 204 F.3d 861, 864-5 (9th Cir.2000); United States v. Pirro, 104 F.3d 297, 299 (9th Cir.1997) (*quoting* § 2255).  The Ninth Circuit has recognized that this is a very narrow exception.  Id; Ivy v. Pontesso, 328 F.3d 1057 (9th Cir. 2003) (a petitioner must show actual innocence *and* that he never had the opportunity to raise it by motion to demonstrate that § 2255 is inadequate or ineffective); Holland v. Pontesso, 234 F.3d 1277 (9th Cir. 2000) (§ 2255 not inadequate or ineffective because Petitioner misses statute of

limitations); Aronson v. May, 85 S.Ct. 3, 5 (1964) (a court's denial of a prior § 2255 motion is insufficient to render § 2255 inadequate); Lorentsen v. Hood, 223 F.3d 950, 953 (9th Cir. 2000) (same); Tripati, 843 F.2d at 1162-63 (9th Cir.1988) (a petitioner's fears of bias or unequal treatment do not render a § 2255 petition inadequate); Williams v. Heritage, 250 F.2d 390 (9th Cir.1957); Hildebrandt v. Swope, 229 F.2d 582 (9th Cir.1956); United States v. Valdez-Pacheco, 237 F.3d 1077 (9th Cir. 2001) (procedural requirements of § 2255 may not be circumvented by invoking the All Writs Act, 28 U.S.C. § 1651). The burden is on the petitioner to show the remedy is inadequate or ineffective. Redfield v. United States, 315 F.2d 76, 83 (9th Cir. 1963).

In Ivy v. Pontesso, 328 F.3d 1057 (9th Cir. 2003), the Ninth Circuit held that the remedy under a § 2255 motion would be "inadequate or ineffective" if a petitioner is actually innocent, but procedurally barred from filing a second or successive motion under § 2255. Ivy, 328 F.3d at 1060-61. That is, relief pursuant to § 2241 is available when the petitioner's claim satisfies the following two-pronged test: "(1) [the petitioner is] factually innocent of the crime for which he has been convicted and, (2) [the petitioner] has never had an 'unobstructed procedural shot' at presenting this claim." Id. at 1060.

"In determining whether a petitioner had an unobstructed procedural shot to pursue his claim, we ask whether petitioner's claim 'did not become available' until after a federal court decision." Harrison v. Ollison, 519 F.3d 952, 960 (9th Cir. 2008), cert. denied __ U.S. __, 129 S.Ct. 254 (2008). "In other words, we consider: (1) whether the legal basis for petitioner's claim 'did not arise until after he had exhausted his direct appeal and first § 2255 motion;' and (2) whether the law changed 'in any way relevant' to petitioner's claim after that first § 2255 motion." Id., citing Ivy, 328 F.3d at 1060-61.

Here, Ivy is dispositive of Petitioner's contention. In that case, petitioner, who was convicted in 1993 in Missouri district court of engaging in a continuing criminal enterprise, contended in a habeas corpus petition filed pursuant to § 2241 in the District of Arizona, where he was confined, that he was actually innocent because the indictment did not charge him with the requisite three offenses to sustain a conviction for a continuing criminal enterprise. Ivy, 328 F.3d at 1058. After an unsuccessful appeal, Ivy filed motions pursuant to § 2255 in 1995, 1997, and 1999. Id. The original motion was denied on its merits, while the second and third motions were denied as second and successive

motions. Id. In 2000, Ivy filed his federal habeas petition in the Arizona district court. Id. The district court, however, dismissed the petition because Ivy had not shown that § 2255 was either inadequate or ineffective. Id.

In affirming the district court's dismissal, the Ninth Circuit employed the two-part test discussed above, i.e., that petitioner must show he is factually innocent of the crime for which he had been convicted and that he has never had an "unobstructed procedural shot" at presenting this claim. Id. at 1059. In explaining that standard, the Ninth Circuit stated:

> In other words, it is not enough that the petitioner is presently barred from raising his claim of innocence by motion under 2255. He *must never have had* the opportunity to raise it by motion.

Id. at 1060 (emphasis supplied). Applying that standard, the Ninth Circuit rejected Ivy's claims, holding that the law regarding continuing criminal enterprises had not changed subsequent to his conviction and that he had indeed had an opportunity to raise such a claim in the past. Id. at 1061.

The burden is on the petitioner to show the remedy is inadequate or ineffective. Redfield, 315 F.2d at 83. This Petitioner has failed to do. Here, Petitioner presented his "newly discovered evidence" regarding the prosecution witness' conviction for perjury to the trial court in his § 2255 petition; however, the trial court denied the challenge. Petitioner now contends he was "procedurally obstructed" in his first § 2255 petition because the trial judge failed to properly consider his actual innocence claim as established by the "newly discovered evidence" of Swisher's conviction for perjury:

> The court completely overlooks Petitioner's actual innocence claim in light of the newly discovered evidence of Swisher's subsequent conviction. The court only refers to Swisher's conviction being newly discovered but "even if" they were to address it under a motion for new trial it would fail—being merely impeaching. This was in error but given the court never addresses it—but instead deflected the actual newly discovered evidence—Petitioner's first habeas [i.e., § 2255 petition] was procedurally obstructed. Therefore Petitioner was unable to bring forth his actual innocence claim based on Swisher's new conviction.

(Doc. 1, pp. 55-56).

Petitioner evidently misunderstands the phrase "procedurally obstructed" to mean that the sentencing court did not agree with Petitioner regarding the exculpatory effect the "newly discovered" evidence might have when presented to reasonable jurors, or, alternatively, that the sentencing court's legal reasoning and analysis were flawed. However, Petitioner himself recites the *correct* law on what constitutes never having had an "unobstructed procedural shot," i.e., the petitioner must show he never

5

had an opportunity <u>to raise the claim of actual innocence on appeal or in a § 2255 motion</u>.  (Doc. 1, p. 55).  Put another way, the term does not mean that the sentencing court considered the new evidence but reached the "wrong" result or used flawed legal reasoning.  It relates instead to whether Petitioner had a realistic opportunity to present his claims in a § 2255 petition under such circumstances that the claims would be considered on their merits, rather than be procedurally barred, e.g., by a statute of limitation, regardless of the sentencing court's reasoning in assessing the claim or its ultimate decision on the motion.[2]

Here, Petitioner did indeed present the newly discovered evidence to the § 2255 court, which considered the evidence and rejected it. As such, his protestations to the contrary notwithstanding, Petitioner has indeed had an unobstructed procedural shot; he simply was not successful with his "shot."  Success is irrelevant to a consideration of whether Petitioner's procedural shot was unobstructed.  Were that not the case, then the "escape hatch exception" would swallow the rule, i.e., habeas courts would always have to review the determinations of the § 2255 court, since every petitioner that loses a § 2255 motion would claim that he was "obstructed" because the § 2255 court used flawed reasoning.  Nothing in the AEDPA suggests, even remotely, that a federal habeas court is intended to be a second bite at the apple for all losing § 2255 petitioners.  Petitioner has had his bite; it was unobstructed and he is not entitled to a second.

Because Petitioner cannot seriously contend that he has not had an unobstructed procedural shot at presenting these claims in the trial court, he has failed to establish that § 2255 is either inadequate or ineffective for purposes of invoking the savings clause, and the fact that he may now be procedurally barred by the AEDPA from obtaining relief does not alter that conclusion.  <u>Ivy</u>, 328 F.3d 1059-1061 (§ 2255 not inadequate or ineffective because Petitioner misses statute of limitations); <u>Aronson v. May</u>, 85 S.Ct. 3, 5 (1964) (a court's denial of a prior § 2255 motion is insufficient to render § 2255 inadequate.); <u>Lorentsen v. Hood</u>, 223 F.3d 950, 953 (9th Cir. 2000) (same); <u>Tripati</u>, 843 F.2d at 1162-63 (9th Cir.1988) (a petitioner's fears of bias or unequal treatment do not render a § 2255

---

[2] Swisher's conviction occurred in 2009, and Petitioner filed his § 2255 motion in April 2012.  Thus, there can be no question that, when Petitioner filed his § 2255 motion, he could have included all relevant evidence of Swisher's criminal misconduct to the sentencing court.

petition inadequate); Williams v. Heritage, 250 F.2d 390 (9th Cir.1957); Hildebrandt v. Swope, 229 F.2d 582 (9th Cir.1956); see United States v. Valdez-Pacheco, 237 F.3d 1077 (9th Cir. 2001) (procedural requirements of § 2255 may not be circumvented by invoking the All Writs Act, 28 U.S.C. § 1651).

  Moreover, Petitioner has failed to show he is actually innocent of the charges against him. "To establish actual innocence, petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." Bousley v. United States, 523 U.S. 614, 623, 118 S.Ct. 1604 (1998)(*quoting* Schlup v. Delo, 513 U.S. 298, 327-328, 115 S.Ct. 851 (1995)); Stephens v. Herrera, 464 F.3d 895, 898 (9th cir. 2008). "[A]ctual innocence means factual innocence, not mere legal insufficiency," and "in cases where the Government has forgone more serious charges in the course of plea bargaining, petitioner's showing of actual innocence must also extend to those charges." Bousley, 523 U.S. at 623-624. However, a petitioner's obligation to demonstrate actual innocence is limited to crimes actually charged or consciously forgone by the Government in the course of plea bargaining. See, e.g., id. at 624 (rejecting government's argument that defendant had to demonstrate actual innocence of both "using" and "carrying" a firearm where the indictment only charged using a firearm).

  Although the Supreme Court of the United States has not provided much guidance regarding the nature of an "actual innocence" claim, the standards announced by the various circuit courts contain two basic features: actual innocence and retroactivity. E.g., Reyes-Requena v. United States, 243 F.3d 893, 903 (5th Cir. 2001); In re Jones, 226 F.3d 328 (4th Cir. 2000); In re Davenport, 147 F.3d 605 (7th Cir. 1998); Triestman v. United States, 124 F.3d 361 (2nd Cir. 1997); In re Hanserd, 123 F.3d 922 (6th Cir. 1997); In re Dorsainvil, 119 F.3d 245 (3d Cir. 1997).

  The "core idea" expressed in these cases is that the petitioner may have been imprisoned for conduct that was not prohibited by law. Reyes-Requena, 243 F.3d at 903. Such a situation is most likely to occur in a case that relies on a Supreme Court decision interpreting the reach of a federal statute, where that decision is announced after the petitioner has already filed a § 2255 motion. This is so because a second or successive § 2255 motion is available only when newly discovered evidence is shown or a "new rule of *constitutional* law, made retroactive to cases on collateral review by the

Supreme Court, that was previously unavailable." Id. (emphasis supplied). Because § 2255 limits a second or successive petition to Supreme Court cases announcing a new rule of constitutional law, it provides no avenue through which a petitioner could rely on an intervening Court decision based on the substantive reach of a federal statute under which he has been convicted. Id.; see Lorentsen, 223 F.3d at 953 ("Congress has determined that second or successive [§ 2255] motions may not contain statutory claims."); Sustache-Rivera v. United States, 221 F.3d 8, 16 (1st Cir. 2000)("The savings clause has most often been used as a vehicle to present an argument that, under a Supreme Court decision overruling the circuit courts as to the meaning of a statute, a prisoner is not guilty…The savings clause has to be resorted to for [statutory claims] because Congress restricted second or successive petitions to constitutional claims."). Obviously, "decisions of [the Supreme Court] holding that a substantive federal criminal statute does not reach certain conduct…necessarily carry a significant risk that a defendant stands convicted of 'an act that the law does not make criminal.'" Bousley, 523 U.S. at 620. To incarcerate one whose conduct is not criminal "inherently results in a complete miscarriage of justice." Davis v. United States, 417 U.S. 333, 346, 94 S.Ct. 2298 (1974).

The gravamen of Petitioner's "actual innocence" contention in this case has nothing to do with an intervening change in the law. Rather, it is premised almost entirely on the fact of the subsequent conviction of the prosecution's key witness for perjury. Petitioner insists no reasonable juror would have convicted him when the primary prosecution evidence was the testimony of a witness known to have been convicted for perjury. Petitioner's reasoning is flawed on several points.

First, it is a simple fact that, every day in the criminal courts of this country, defendants are convicted upon the testimony of other convicted felons where the facts of the witnesses' prior convictions are fully known to the jurors. The jurors must then weigh the credibility of the prosecution's witnesses against the credibility of the defendant and his witnesses, and make findings regarding guilt. In some instances, the jurors believe the prosecution's witnesses notwithstanding their criminal histories, and convict; in other instances, they do not. There is no bright line rule, however, that a conviction for perjury must, in all circumstances, disqualify a witness in the eyes of reasonable jurors due solely to a lack of credibility.

The trial judge here recognized that when he correctly pointed out that Petitioner's "new"

evidence goes only to impeachment of the key government witness's credibility. While some jurors might reasonably believe that a convicted perjurer like Swisher would be more likely to lie in Petitioner's trial, other reasonable jurors might believe his testimony regarding Petitioner's culpability, notwithstanding his perjury conviction. There is no reliable calculus available to this Court to accurately determine precisely how likely reasonable jurors would be to accept or discount Swisher's testimony, should Petitioner be retried on the solicitation charges. But no such calculus is necessary since common sense, experience, and this record make it abundantly clear that at least some reasonable jurors would believe Swisher. Using that low bar, it is simply impossible for this Court to conclude, based on this newly discovered evidence, that "in light of all the evidence, it is more likely than not that *no reasonable juror* would have convicted him." Bousley, 523 U.S. at 623.

In sum, Petitioner has failed to satisfy either prong of the "escape hatch" and thus is not entitled to proceed in habeas corpus with a challenge to his conviction. Section 2255 motions must be heard in the sentencing court. 28 U.S.C. § 2255(a); Hernandez, 204 F.3d at 864-865. Because this Court is only the custodial court and construes the petition as a § 2255 motion, this Court lacks jurisdiction over the petition. Hernandez, 204 F.3d at 864-865. In sum, should Petitioner wish to pursue his claims in federal court, he must do so by way of a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.[3]

## ORDER

For the foregoing reasons, the Clerk of the Court is HEREBY DIRECTED to assign a United States District Judge to this case.

## RECOMMENDATION

Accordingly, the Court RECOMMENDS that the Petition for Writ of Habeas Corpus be DISMISSED for lack of jurisdiction.

///

---

[3] A petition for writ of habeas corpus pursuant to § 2255 *must be filed in the court where petitioner was originally sentenced*. In this case, Petitioner challenges a sentence adjudicated in the United States District Court for the District of Idaho. Thus, that court is the proper venue for filing a petition for writ of habeas corpus pursuant to § 2255.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to the case pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within twenty-one (21) days after being served with a copy of this Findings and Recommendation, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the Objections shall be served and filed within ten (10) court days (plus three days if served by mail) after service of the Objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the Order of the District Court. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **October 18, 2013**              /s/ Jennifer L. Thurston
                                         UNITED STATES MAGISTRATE JUDGE