# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID ROLAND HINKSON,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>WARDEN PAUL COPENHAVER,<br><br>　　　　Respondent. | Case No.: 1:13-cv-01571-AWI-JLT<br><br>ORDER GRANTING PETITIONER'S MOTION TO SUPPLEMENT ARGUMENT (Doc. 10)<br><br>ORDER DENYING PETITIONER'S MOTION FOR DEFAULT JUDGMENT (Doc. 13)<br><br>ORDER DIRECTING THE CLERK OF THE COURT TO FILE THE PREVIOUSLY LODGED SECOND HABEAS SUPPLEMENT (Doc. 11) |

Petitioner is a federal prisoner proceeding in propria persona with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

## PROCEDURAL HISTORY

On October 21, 2013, the Magistrate Judge assigned to the case issued Findings and Recommendations to dismiss the petition for lack of habeas jurisdiction. (Doc. 5). On December 31, 2013, after receiving an extension of time, Petitioner filed objections to the Magistrate Judge's Findings and Recommendations. (Doc. 9). The matter was referred back to the United States District Judge assigned to this case and the matter remains pending and will do so until a final decision on the Findings and Recommendations of October 21, 2013 is made.

On December 31, 2013, Petitioner also filed a motion for leave to file a second supplement to the petition. (Doc. 10). That proposed supplement was lodged with the Court. (Doc. 11). On March


14, 2014, Petitioner filed a motion for entry of default judgment.  (Doc. 13).

## DISCUSSION

When a Magistrate Judge issues Findings and Recommendations, which serve as a kind of tentative decision, the matter is referred to the District judge for final disposition.  During the period after the issuance of the Findings and Recommendations and before final disposition, any motions filed by the parties will remain unaddressed unless the District Judge rejects the Findings and Recommendations and refers the matter back to the Magistrate Judge for further proceedings.  At that point, the parties may re-file any motions previously disregarded, if they so desire.

Nevertheless, Petitioner's motion to supplement the petition with additional legal argument related to cumulative error, addresses the Findings and Recommendation which is pending. As to this motion, Petitioner is advised that the Court always considers the effect of cumulative error.  Thus, Petitioner's motion raises unnecessary and redundant arguments.  These arguments do not affect or alter the Court's conclusions set forth in the Findings and Recommendations of October 21, 2013, that the Court lacks jurisdiction over the petition.  Despite this, the Court will grant Petitioner's motion and will direct the Clerk of Court to file the lodged supplement.

Regarding the motion for default judgment, Petitioner contends that Respondent has never filed a response to the petition and therefore is in default.  (Doc. 13, p. 1).  This contention, however, ignores the obvious fact that the Court has never ordered Respondent to file a response to the petition, and, therefore, Respondent is under no obligation or legal constraint to do so.  Indeed, as of yet, Respondent has not even entered an appearance in this case. Respondent cannot legally be subject to default when Respondent has not even been required to enter an appearance.

Regardless of the foregoing, however, <u>there is simply no legal basis for entry of a default judgment in habeas corpus cases</u>.  Title 28 U.S.C. § 2241(c)(3) provides that the writ of habeas corpus shall not extend to a prisoner unless he is "in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2243 provides that "the court shall summarily hear and determine the facts, and dispose of the matter as law and justice require." 28 U.S.C. § 2243.   In <u>Townsend v. Sam</u>, 372 U.S. 293, 312 (1963), the Supreme Court stated as follows: "State prisoners are entitled to relief on federal habeas corpus only upon proving that their detention violates the

1  fundamental liberties of the person, safeguarded against state action by the Federal Constitution."
2  Thus, the burden to show that he is in custody in violation of the Constitution of the United States *is*
3  *on Petitioner*.  The failure of State officials to file a timely response does not relieve Petitioner of his
4  burden of proof.  **Default judgments in habeas corpus proceedings are not available as a**
5  **procedure to empty State prisons**. See, e.g., Gordon v. Duran, 895 F.2d 610, 612 (9th Cir.1990); see
6  also Bleitner v. Welborn, 15 F.3d 652, 653 (7th Cir. 1994) (respondent's failure to timely respond to
7  petition does not entitle petitioner to default); United States ex rel. Mattox v. Scott, 507 F.2d 919, 924
8  (7th Cir. 1974)(holding that default judgment is not an appropriate remedy for a state's failure to
9  answer a habeas corpus petition); Bermudez v. Reid, 733 F.2d 18 (2nd Cir. 1984).

10        The same rationale applies to federal prisoners, such as Petitioner.  The Court is unaware of,
11  and Petitioner does not cite, any recognized legal authority for the premise that a District Court has the
12  authority to set aside a federal inmate's conviction based on another party's failure to comply with the
13  Court's orders or deadlines.

14        Petitioner is advised that this Court is one of the busiest federal courts in the United States.
15  Filing frivolous motions such as the instant motion takes valuable staff time away from addressing the
16  merits of long-pending petitions.  In the future, Petitioner should confine his filings to motions that
17  have merit and a legitimate legal basis.

18  **ORDER**
19        Accordingly, the Court HEREBY ORDERS as follows:
20  1.    Petitioner's motion for leave to file a supplemental argument to his petition (Doc. 10),
21        is GRANTED.
22  2.    The Clerk of the Court is DIRECTED to file the previously lodged second habeas
23        supplement (Doc. 11).
24  3.    Petitioner's motion for entry of default judgment (Doc. 13), is DENIED.
25
26  IT IS SO ORDERED.
27     Dated:   **March 25, 2014**          **/s/ Jennifer L. Thurston**
28                                           UNITED STATES MAGISTRATE JUDGE